UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANGEL LUIS GALARZA and
SARA P GALARZA,

    Plaintiffs,

v.                                      Case No.:  5:23-cv-654-TPB-PRL

VINCENT TORRES and
CHRISTOPHER VILLAFANE,

    Defendants.
_____/

**ORDER**

    Plaintiff Angel Galarza, an inmate of the Lake County Jail, is proceeding *pro se* on an amended complaint for the violation of civil rights against police officers Vincent Torres and Christopher Villafane of the Mascotte Police Department. Doc. 3 at 2. As grounds for his complaint, Plaintiff alleges his right to "care for the [elderly] with full dementia" and his right to due process were violated during his arrest by Defendants. *Id.* at 3. Plaintiff claims that Defendants were "very unprofessional" by not informing him of the reason for his arrest and for failing to read him his *Miranda* rights. *Id.* at 4, 6. Liberally construed, Plaintiff also appears to allege that Defendants were "negligent" in dealing with his elderly mother Sara Galarza, who suffers from "full term dementia," in violation of her rights. *Id.* at 6.  As relief, Plaintiff seeks $1,000,000.00 for his claimed injuries of "mental and emotional trauma[.]" *Id.* at 7.

Plaintiff's complaint is currently before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA"), which directs the Court to dismiss a case if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §1915A. "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). Further, a claim is frivolous as a matter of law where, among other things, the claim seeks to enforce a right that clearly does not exist. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In a *pro se* action, the Court must construe a plaintiff's pleadings more liberally than it would those drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, even with generous interpretation, this *pro se* complaint lacks merit under this standard.

As an initial matter, Plaintiff purports to seek relief on behalf of himself and his mother in his complaint. Doc. 3 at 2, 6. Importantly, however, Plaintiff is a prisoner and lacks standing to seek relief on behalf of others. *See generally*

*Singleton v. Wulff*, 428 U.S. 106, 116 (1976) (one may not claim standing to vindicate the constitutional rights of others); *see e.g.*, *Mingo v. Patterson*, 455 F.Supp. 1358 (1978) (prisoner lacked standing to assert constitutional depravations allegedly incurred by his sister). Therefore, any claim Plaintiff asserts on behalf of Sara Galarza is due to be dismissed.

Similarly, Plaintiff's claimed violation of his right to "care for the [elderly] with full dementia" is due to be dismissed as Plaintiff has pointed to no authority to support he has a constitutional right to care for others, nor is the Court aware of any such right.

Moreover, Plaintiff also fails to state a claim for violation of his due process rights by alleging Defendants were unprofessional for failing to inform him of his *Miranda* rights during his arrest. Doc. 3 at 3, 6. Even if Defendants failed to follow *Miranda* procedures, the Eleventh Circuit Court of Appeals has determined that such an allegation is insufficient to "assert[ ] a violation of a constitutional right in order to state a cause of action under § 1983." *Jones v. Cannon*, 174 F.3d 1271, 1291 (11th Cir. 1999). "[F]ailing to follow *Miranda* procedures triggers the prophylactic protection of the exclusion of evidence, but does not violate any substantive Fifth Amendment right such that a cause of action for money damages under § 1983 is created." *Id*. Under this precedent, Plaintiff's allegation that Defendants failed to follow *Miranda* procedures is insufficient to assert a violation of a substantive constitutional right. *See id*.

Even if Plaintiff could bring this case under Section 1983, his claims for monetary damages for his mental and emotional trauma he experienced because of the Defendants' alleged conduct would nonetheless be prohibited by 42 U.S.C. § 1997e. While prisoners retain constitutional protections despite the necessary restrictions on their rights and privileges, 42 U.S.C. § 1997e restricts such rights, and provides, that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" 42 U.S.C. § 1997e(e).

Plaintiff has not alleged even a de minimus physical injury, thus, the provisions of Section 1997e foreclose his claim for mental and emotional trauma. *Harris v. Garner*, 216 F.3d 970, 974 (11th Cir. 2000) (affirming district court's dismissal under 42 U.S.C. § 1997e(e) of prisoners' compensatory and punitive damages claims arising from prison officials' alleged unconstitutional conduct where prisoners alleged no physical injury from the conduct). Accordingly, to the extent that Plaintiff seeks monetary damages for any mental or emotional injury he has suffered, his claims are due to be dismissed. *See Douglas v. Yates*, 535 F.3d 1316, 1320–21 (11th Cir. 2008) (district court may *sua sponte* dismiss claims where allegations show affirmative defense of 42 U.S.C. § 1997e(e) would bar recovery).

For these reasons, Plaintiff fails to state a claim upon which relief can be granted. Amendment of the action would prove futile because Plaintiff can state no valid Section 1983 claim for relief. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th

Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

The Court dismisses the complaint under 28 U.S.C. § 1915(e) for Plaintiff's failure to state a claim upon which relief can be granted. Such dismissal counts as a "strike" for the purposes of the three-strikes provision of the PLRA, 28 U.S.C. § 1915(g).

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Complaint (Doc. 3) is **DISMISSED** for failure to state a claim.

2. The **Clerk** is directed to enter judgment, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Tampa, Florida, this 4th day of March, 2024

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

c:
Angel Luis Galarza, # 143440